**COFFMAN et al. v. MEEKS et al.**

No. 12426.

Court of Civil Appeals of Texas. Dallas.

June 18, 1938.

Rehearing Denied July 30, 1938.

J. J. Fagan, of Dallas, for appellants.

F. B. Davenport and Chas. Romick, both of Dallas, for appellees.

BOND, Chief Justice.

This is an appeal from a judgment of a County Court of Dallas County, sustaining demurrers to appellants' petition, hence dismissing the suit and denying to appellants injunctive relief. In view of the action of the court, we must assume, for the purpose here, that all allegations in plaintiffs' petition are true.

This suit is based upon a contract of settlement of a cause of action previously filed and carried into judgment, by which appellees were decreed the sum of $505, with interest and cost of suit against appellants. Appellants allege that the prior judgment forming the basis of the contract here involved was entered on the following conditions, to-wit: "That in the event the sum of $120.00 was paid to the defendants herein (appellees), in monthly installments of $10.00 said judgment shall be fully paid off and satisfied, and no further demand or claim should be made against your petitioner thereon, and further providing that, in the event your petitioner defaulted for a period of more than thirty days in making any one of said installments, judgment should be and was rendered against your petitioner for the sum of $502.00. In pursuance to said agreement, your petitioner paid to the defendants the sum of $115.00 as shown on the margin of page 231, in book 22, of the Minutes of said Court, in which said judgment is entered, and here referred to for a more full and complete description of same".

Plaintiffs (appellants) further alleged that they tendered into court the $5 balance due on the settlement, together with all additional court costs, thus completing the alleged agreement between the parties; that the defendants (appellees) have refused to accept said settlement and are demanding payment of the judgment in full, less the sum of $115 paid thereon; and that they have caused an execution to issue, and levy made on certain personal property of the defendants, attempting to collect the judgment in violation of the terms of the agreement and, unless restrained, plaintiffs' property will be sold, thus suffering irreparable loss and injury. Plaintiffs asked in their petition for a writ of temporary injunction, restraining defendants from selling their property under execution and, on final hearing, such injunction be made permanent, the judgment be vacated, cancelled and held to be of no further force and effect.

Without comment upon the merits of the controversy, we are of opinion that the trial court erred in sustaining the demurrers and in dismissing appellants' suit. A pending cause of action, or a judgment regularly entered by a court, may be the

subject of a contract, and when the terms of such contract have been performed, or so near to performance that equity will imply its performance, courts will, in the exercise of their equitable powers, enjoin the enforcement of such judgment. The right of injunction in such cases is not based upon fraud, accident or concealment in the procurement of the judgment, but on the right of stabilizing a contract effecting the judgment regularly entered by a court of competent jurisdiction.

In this case, appellants, having alleged that the parties to the judgment, who are the parties to the present suit, had agreed to a settlement of $120, payable in installments of $10 each per month, and such agreement having been performed, ·with the exception of the payment of $5 and all costs, which amount has been tendered into court, the petition, tested by general demurrer, sufficiently alleges grounds for a temporary injunction, restraining the enforcement of such judgment, holding the controversy in statu quo, pending a final determination of the issue involved.

Reversed and remanded.